IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BEATRICE LUEVANO § | |
|     Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:14-cv-00088 |
| § | |
| GLASER TRUCKING SERVICE, INC., § | |
| AND DONALD MITCHELL HAY § | |
|     Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES BEATRICE LUEVANO, Plaintiff herein, complaining of the GLASER TRUCKING SERVICE, INC., and DONALD MITCHELL HAY, Defendants herein, and would show the Court as follows:

### PARTIES

1. Plaintiff, BEATRICE LUEVANO, is an individual and citizen of the State of Texas and resides in La Pryor, Zavala County, Texas 78872.

2. Defendant, GLASER TRUCKING SERVICE, INC., (hereinafter referred to as Defendant GLASER), is a corporation that is incorporated under the laws of the State of Missouri. Defendant GLASER has its principal place of business in the State of Missouri. Defendant GLASER does not have a registered agent for Service of Process in the State of Texas. Service of Process on this Defendant may be made in accordance with §17.044(b), of the Texas Civil Practice and Remedies Code by serving a copy of the summons and

complaint by certified mail, return receipt requested, to the Texas Secretary of State, Ms. Nandita Berry, at the Texas Secretary of State's Office, P.O. Box 12887, Austin, Texas 78711-28870, who will in turn forward a copy of the summons and complaint by certified mail, return receipt requested, to Defendant GLASER'S agent for service of process, Brian E. Glaser, 8130 N.E. 53rd Street, Kansas City, Missouri 64119.

3. Defendant, DONALD MITCHELL HAY, (hereinafter referred to as Defendant HAY), is an individual and citizen of the State of Missouri. This Defendant may be served with process in accordance with §17.062(a), of the Texas Civil Practice and Remedies Code by serving a copy of the summons and complaint by certified mail, return receipt requested, to the Chairman of Texas Transportation Commission, Mr. Ted Houghton, at the Texas Department of Transportation, 125 E. 11th Street, Austin, Texas 78701, who will in turn forward a copy of the summons and complaint by certified mail, return receipt requested, to Defendant HAY'S residence, 3607 N. Spring Street, Independence, Missouri 64050.

## JURISDICTION

4. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), excluding interest and costs. Specifically, Plaintiff is a citizen of the State of Texas. Defendant GLASER is a corporation incorporated under the laws of State of Missouri with its principal place of business in the State of Missouri. Defendant HAY is a citizen of the State of Missouri.

**VENUE**

5.     Venue is proper in this district because it is the district in which a substantial part of the events or omissions giving rise to the claims occurred.  *See* 28 U.S.C. § 1391(b). This claim arises out of a motor vehicle collision occurring on June 04, 2012 in Uvalde, Uvalde County, Texas.

**FACTS**

6.     Plaintiff BEATRICE LUEVANO, would show the Court that on or about June 04, 2012, she was driving her 2007 Maroon GMC Yukon, occupied by her son, Andres Luevano, and were stationary on the 600th block of E. Main Street in Uvalde, Texas behind traffic waiting for a traffic light to turn green.  Defendant HAY was operating a 1998 red Peterbilt tractor during the course and scope of his employment with Defendant GLASER, and was traveling eastbound on the 600th block of E. Main Street, approaching Plaintiff's vehicle from behind.  On said date, as Plaintiff was prudently stopped behind traffic, her vehicle was suddenly and unexpectedly struck violently from behind by the 1998 red Peterbilt tractor truck, owned by Defendant GLASER, and operated by Defendant HAY.  As a result of the impact, Plaintiff BEATRICE LUEVANO suffered injuries to her head, neck and lower back.

**NEGLIGENCE OF DEFENDANT HAY**

7.     In causing the collision of the vehicles involved, Defendant HAY was guilty of various acts or omissions which constitute negligence as enumerated below, each of which

constitutes a proximate cause of Plaintiff's injuries and damages, to wit:

    a.    In failing to keep a proper lookout for other traffic as a reasonable and prudent person would have done under the same or similar circumstances;

    b.    In failing to safely operate the vehicle he was driving while in the course and scope of his employment as a reasonable and prudent person would have done under the same or similar circumstances;

    c.    In failing to maintain proper control of his vehicle as a reasonable and prudent person would have done under the same or similar circumstances;

    d.    In failing to timely apply the brakes to the vehicle he was operating in order to avoid the collision in question;

    e.    In failing to take proper evasive action in order to avoid said collision;

    f.    In failing to control the speed of his vehicle as a reasonable and prudent person would have done;

    g.    In driving the 1998 Peterbilt tractor truck in a willful and wanton disregard for the safety of persons or property in violation of Texas Transportation Code §545.401; and

    h.    In failing to maintain an assured clear distance between the 1998 Peterbilt tractor truck he was operating and the Plaintiff's vehicle in violation of Texas Transportation Code § 545.062(a).

8.    Plaintiff would show that each of the foregoing acts and/or omissions was a separate and distinct act of negligence and each was a direct and proximate cause of the injuries and damages suffered by the Plaintiff as described herein below.

## **RESPONDEAT SUPERIOR**

9.    At the time of the collision described above, Defendant HAY was the agent, servant, and/or employee of Defendant GLASER, and was acting within the course and scope

of his employment as agent, servant and/or employee of Defendant GLASER.  Defendant HAY, was operating the 1998 Peterbilt tractor truck on the public streets and highways of the State of Texas in furtherance of Defendant, GLASER'S business.  Defendant HAY was operating the 1998 Peterbilt tractor truck with the knowledge, and consent of Defendant, GLASER.  Therefore, Defendant GLASER, is liable under the doctrine of Respondeat Superior.

**DAMAGES**

10.     Plaintiff BEATRICE LUEVANO**,** would show that as a direct and proximate cause of the aforesaid negligence of the above named Defendants, she sustained injuries to her head, neck and lower back, and she has suffered physical pain and mental anguish in the past and in all reasonable probabilities will continue to so suffer in the future; she has suffered physical impairment in the past and in all reasonable probabilities will continue to so suffer in the future; she has suffered impairment to earning capacity in the past and in all reasonable probability will continue to suffer a loss of wage earning capacity in the future. Plaintiff BEATRICE LUEVANO, has incurred reasonable and necessary medical expenses for the proper treatment of her injuries in the past and in all reasonable probabilities will continue to incur medical expenses in the future.  Plaintiff BEATRICE LUEVANO, would further show that because of the conduct of the above named Defendants, she incurred rental fees in the amount of Three Thousand, Sixty Four Dollars and Five cents ($3,064.05), as well as One Thousand, Four Hundred Ninety Dollars and Ninety Five cents ($1,490.95) in towing

and storage fees as a result of the damage to her 2007 GMC Yukon, for which she hereby also sues.

## JURY DEMAND

11. The Plaintiff demands a jury trial on all issues which may be tried to a jury.

## PRAYER

12. Premises considered, the Plaintiff asks that the Defendants be cited to appear and answer and that, upon final trial, the court enter judgment against the Defendants for Plaintiff's actual damages in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00), pre-judgement and post-judgement interest, for costs of court and for such other and further relief, both general and special, at law and in equity, to which the Plaintiff may be justly entitled.

Respectfully submitted,

**KNICKERBOCKER, HEREDIA,
JASSO & STEWART, P.C.**
468 Main Street
Eagle Pass, Texas 78852
Tel:   830/773-9228
Fax:   830/773-2582
borderlawyer@hotmail.com


By: /s/ Marco A. Salinas
    **Marco A. Salinas**
State Bar No. 00794583

ATTORNEYS FOR PLAINTIFF