UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BEATRICE LUEVANO | § | |
|     *Plaintiff,* | § | CIVIL ACTION NO.: |
| | § | 5:14-CV-00088 |
| V. | § | |
| | § | |
| GLASER TRUCKING SERVICE, INC., | § | |
| AND DONALD MITCHELL HAY, | § | |
|     *Defendants.* | | |

### DEFENDANT, GLASER TRUCKING SERVICE, INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS UNITED STATES DISTRICT COURT:

COMES NOW Defendant, GLASER TRUCKING SERVICE, INC. (hereinafter, "Defendant"), and files this its Answer to the Original Complaint of Plaintiff, BEATRICE LUEVANO (hereinafter, "Plaintiff"), and for same would show unto the Court as follows:

Answering the specific factual liability and damage allegations of Plaintiff's Complaint, Defendant states as follows:

### PARTIES

1. Defendant lacks knowledge or information at the present time sufficient to form a belief about the truth of the allegations in paragraph 1.

2. Defendant admits that it is incorporated under the laws of the State of Missouri and that its principal place of business is in the State of Missouri.

3. Defendant lacks knowledge or information at the present time sufficient to form a belief about the truth of the allegations in paragraph 3.

### JURISDICTION

4. Defendant lacks knowledge or information at the present time sufficient to form a belief about the truth of the allegations in paragraph 4 as to whether Plaintiff and defendants each citizens of different U.S. states, such that federal diversity jurisdiction would be raised. Defendant admits that it is incorporated under the laws of the State of Missouri and that its principal place of business is in the State of Missouri.

## VENUE

5. Defendant admits that the underlying incident occurred in Uvalde, Uvalde County, Texas, and denies all else.

## FACTS

6. Defendant admits that Defendant, DONALD MITCHELL HAY (hereinafter, "Defendant Hay") was operating a certain 1998 red Peterbilt tractor on or about June 4, 2012, but lacks knowledge or information at the present time sufficient to form a belief about the truth of the remaining allegations in paragraph 6.

## NEGLIGENCE OF DEFENDANT HAY

7. Defendant denies the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8.

## RESPONDEAT SUPERIOR

9. Defendant admits that Defendant Hay was operating a certain 1998 red Peterbilt tractor on or about June 4, 2012, but lacks knowledge or information at the present time sufficient to form a belief about the truth of the remaining allegations in paragraph 9.

## DAMAGES

10. Defendant denies the allegations regarding proximate cause in lines 1-2 of paragraph 10, and lacks knowledge or information at the present time sufficient to form a belief about the truth of the remaining allegations in paragraph 10.

## DEFENSES

11. By way of affirmative defense, Defendant reserves the right to seek and assert a set-off or allocation of any liability on its part to the extent provided by law, equity or contract.

12. By way of further affirmative defense, Defendant contends that any recovery by Plaintiff of pre-judgment interest is limited by the dates and amounts set forth in Art. 5609-1.05, Section 6, Tex. R. Civ. Stat., and Chapter 304 of the TEXAS FINANCE CODE.

13. By way of further affirmative defense, Defendant asserts that any recovery of medical or healthcare expenses by Plaintiff be limited to those amounts that are (i) both reasonable and necessary, and (ii) actually paid or incurred by or on behalf of the

Plaintiff as mandated by Section 41.0105 of the Texas Civil Practice and Remedies Code.

14. By way of further affirmative defense, Defendant contends that should any Plaintiff seek to recover loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, and/or loss of inheritance, that this Court require any evidence to prove such loss be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability, pursuant to Texas Civil Practice and Remedies Code §18.091.  Moreover, Defendant requests the Court to instruct the jury that any recovery for compensatory damages sought by any Plaintiff is subject to federal or state income taxes.

15. By way of further affirmative defense, Defendant asserts and reserves his right to: a) seek contribution as against any or all other parties, for the percentage of liability, if any, allocated to those parties; b) submit issues to the jury of the alleged negligence of any settling party, and/or any other party hereto; c) seek the proportionate reduction of any damages found against them, based upon the percentage of negligence attributable to any settling party and/or any other party hereto; and d) an offset or credit in the amount of any and all sums which Plaintiff has or will receive by way of settlement with any other person or party.

16. By way of affirmative defense, Defendant reserves the right to raise any and all other defenses which may be revealed to apply pending the outcome of this matter.

## JURY DEMAND

17. Defendant hereby makes demand and application for jury trial.

WHEREFORE, PREMISES CONSIDERED, Defendant, GLASER TRUCKING SERVICE, INC. prays that this Court, upon final hearing hereof, grant judgment in its favor and that Plaintiff take and recover nothing from Defendant by way of Plaintiff's causes of action in this suit; that Defendant recovers costs of court; and for such other and further relief, whether general or specific, both at law and in equity, to which Defendant may show itself justly entitled.

    Respectfully submitted,

    /S/ RYAN A. TODD

    _____
    RYAN A. TODD
    Texas State Bar No. 24033393
    LAW OFFICE OF MARK E. MACIAS
    1100 NW Loop 410, Suite 370
    San Antonio, Texas 78213
    Telephone: 210-949-0166
    Facsimile:  210-949-1338
    Email: toddr5@nationwide.com
    **ATTORNEY FOR DEFENDANT**
    **GLASER TRUCKING SERVICE, INC.**

## CERTIFICATE OF SERVICE

I certify that on __March 7th__, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Marco A. Salinas
KNICKERBOCKER HEREDIA, JASSO & STEWART, P.C.
468 Main Street
Eagle Pass, Texas 78852
830-773-9228
830-773-2582
Email: borderlawyer@hotmail.com
ATTORNEY IN CHARGE FOR PLAINTIFF, BEATRICE LUEVANO

    /S/ RYAN A. TODD

    _____
    RYAN A. TODD