IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BEATRICE LUEVANO, | § | CV. NO. 5:14-CV-88-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| GLASER TRUCKING SERVICE, INC. | § | |
| and DONALD MITCHELL HAY, | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

ORDER: (1) GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT;
(2) DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE EXPERT
DISCLOSURE; (3) DENYING WITHOUT PREJUDICE DEFENDANTS'
MOTION TO STRIKE EDMOND PROVDER; (4) REFERRING PARTIES TO
MAGISTRATE JUDGE TO RESET DISCOVERY DEADLINES

On April 8, 2015, the Court heard argument on a Motion to Amend Complaint (Dkt. # 17) filed by Plaintiff Beatrice Luevano ("Plaintiff" or "Luevano"); a Motion to Strike Plaintiff's Expert Disclosure and Plaintiff's First Supplement of Expert Disclosures ("First Motion to Strike") (Dkt. # 18) filed by Defendants Glaser Trucking Service, Inc. ("Glaser") and Donald Mitchell Hay ("Hay") (collectively, "Defendants"); and a Motion to Strike Edmond Provder ("Second Motion to Strike") (Dkt. # 28) filed by Defendants. At the hearing,

Marco A. Salinas, Esq., represented Plaintiff; Frederick Saporsky, Esq., represented Defendants.

Upon careful consideration of the arguments asserted in the supporting and opposing memoranda, as well as the arguments presented at the hearing, the Court **GRANTS** Plaintiff's Motion to Amend Complaint and **DENIES WITHOUT PREJUDICE** Defendants' Second Motion to Strike. At the hearing, Defendants withdrew their First Motion to Strike. Accordingly, the Court **DENIES** the Motion as **MOOT**.

BACKGROUND

The instant action arises out a traffic accident that occurred on June 4, 2012, when Plaintiff was driving her 2007 GMC Yukon in Uvalde, Texas. (Dkt. # 1 ¶ 6.) Plaintiff alleges that while her vehicle was stationary at a red traffic light, Hay, driving a tractor truck owned by Glaser, struck her vehicle from behind. (Id.) Plaintiff alleges that, as a result of the accident, she suffered injuries to her head, neck, and lower back. (Id.)

On January 27, 2014, Plaintiff filed suit in this Court, invoking the Court's diversity jurisdiction. (Dkt. # 1 ¶ 4.) She alleges negligence claims against Hay, for which she alleges Glaser is also liable under a respondeat superior theory. (Id. ¶¶ 7–9.) Plaintiff seeks compensatory damages for towing, storage,

and rental fees arising out the accident, as well as damages for past and future medical expenses, loss of earning capacity, and pain and suffering.  (Id. ¶ 10.)

On December 23, 2014, Plaintiff filed her Motion to Amend Complaint, which seeks to add individual claims of negligent and gross negligent entrustment and negligent and gross negligent hiring, supervision, and retention against Glaser.  (Dkt. # 17 at 2.)  Defendants filed their Response on December 31, 2014[1] (Dkt. # 19), and Plaintiff filed her Reply on January 6, 2014 (Dkt. # 22).  On December 24, 2014, Defendants filed their First Motion to Strike (Dkt. # 18), and on December 31, 2014 Plaintiff filed her Response (Dkt. # 20).  On February 13, 2015, Defendants filed their Second Motion to Strike (Dkt. # 28), and on February 20, 2015, Plaintiff filed her Response (Dkt. # 30).

## LEGAL STANDARD

I.  Motion to Amend

Under Federal Rule of Civil Procedure 16(b), a party must show good cause to amend a pleading after the deadline set forth in the scheduling order. Gentilello v. Rege, 627 F.3d 540, 546 (5th Cir. 2010) (citing S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003)).  To show

---

[1] Plaintiff argues that the Court should not consider Defendants' Response, as it was submitted one day after the seven day response deadline.  (Dkt. # 22 at 2 (citing W.D. Tex. Civ. R. 7(e)(2)).)  The Court will, in its discretion, consider the merits of the response.  See Frick v. Quinlin, 631 F.2d 37, 40 (5th Cir. 1980).

good cause, a plaintiff must demonstrate that, despite his diligence, the deadlines could not reasonably have been met. S&W Enters., 315 F.3d at 536. Courts weigh four factors in this analysis: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." Sw. Bell Telephone Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003). If a party can demonstrate good cause to extend the deadlines set forth in the scheduling order, the Court then applies the more liberal standard under Federal Rule of Procedure 15(a) to determine whether to grant leave to amend. Sw. Bell Telephone Co., 346 F.3d at 546 (citing S&W Enters., 315 F.3d at 536).

In deciding whether to grant leave under Rule 15(a), district courts consider the following five factors: (1) "undue delay," (2) "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice to the opposing party by virtue of the allowance of the amendment," and (5) "futility of the amendment." Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

II.   Motion to Strike Under Federal Rule of Evidence 702

Federal Rule of Evidence 702 permits expert testimony from a qualified expert if the testimony meets four requirements:

> (a) [T]he expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "The party offering the expert must prove by a preponderance of the evidence that the proffered testimony satisfies the Rule 702 test." Mathis v. Exxon Corp., 302 F.3d 448, 459–60 (5th Cir. 2002).

The district court is the gatekeeper in determining the admissibility of expert testimony. United States v. Valencia, 600 F.3d 389, 424 (5th Cir. 2010) (citing Daubert v. Merrell Dow Pharm. Inc., 509 U.S. 579, 592–93 (1993)). Admitting expert testimony requires a showing that (1) the expert is qualified, (2) the testimony is relevant, and (3) the testimony is reliable. Daubert, 509 U.S. 579, 589; Watkins v. Telsmith, Inc., 121 F.3d 984, 988–89 (5th Cir. 1997).

## DISCUSSION

### I. Motion to Amend

Plaintiff seeks leave to amend her complaint to add claims of negligent and gross negligent entrustment, as well as negligent and gross negligent hiring supervision and retention. (Dkt. # 17 at 2.) Defendants oppose the amendments on the basis that discovery has now closed and therefore the amendments will cause undue delay and show bad faith. (Dkt. # 19 at 6.)

Because Plaintiff filed her motion over five months after the amended pleading deadline (see Dkt. # 7), the Court must first determine whether there is good cause to extend the deadline. Applying the four-factor balancing test, the Court finds that Plaintiff has shown good cause to extend the deadline for filing an amendment.

First, Plaintiff has presented a reasonable explanation for her failure to timely move for leave to amend. Plaintiff contends that she did not learn the facts supporting the new claims until the deposition of Glaser's Corporate Officer Todd Glaser on October 3, 2014, when she also learned that Defendants had failed to provide complete discovery on key issues related to the new claims. (Dkt. # 17 at 2.) Upon finding out about the discovery failure, Plaintiff contends that she was forced to file a Motion to Compel on related and outstanding discovery requests on November 26, 2014, which was granted after a December 14, 2014 hearing. (Id.) Plaintiff subsequently filed the motion on December 23, 2014. (Dkt. # 17.)

The Court is unconvinced by Defendants' argument that Plaintiff should have made her allegations at the time of filing or prior to the deadlines set forth in the scheduling order. (See Dkt. # 19 at 5.) While Defendants are correct that the pleading requirements do not require that Plaintiff provide evidence in support of the allegations set forth in her complaint, Defendants are incorrect that Plaintiff was required to make these allegations upon information and belief. To

require plaintiffs to plead claims for which they had no factual basis would force plaintiffs to base their claims on "speculation and conclusory allegations," Tuchman v. DSC Commcn's, 14 F.3d 1061, 1068 (5th Cir. 1994), which was impermissible even in the pre-Twombly era.

Defendants contend that information to support such allegations was available to Plaintiff prior to July 7, 2014, arguing that "Plaintiff has produced information in the discovery process obtained from third parties—namely the Texas Department of Public Safety, regarding HAY that Defendants anticipate Plaintiff will argue is relevant" to the new claims. (Dkt. # 19 at 5.) If Plaintiff had information regarding the claims prior to July 7, 2014, or prior to the filing date of the instant motion, that could weigh against a good cause finding. See, e.g., Lindsley v. BellSouth Telecomms., Inc., No. CIV.A. 07-6569, 2008 WL 4829614, at *2 (E.D. La. Nov. 5, 2008) (finding that the explanation factor weighed against a finding of good cause where the plaintiff's actions indicated he was aware of the basis for the amendment before the deposition allegedly supplying the information occurred). However, Defendants fail to provide the Court with any explanation as to what this information purportedly indicates, how it would have put Plaintiff on notice, and when that information was obtained by Plaintiff or produced by Plaintiff to Defendants. Given Plaintiff's representations regarding discovery, the Court finds that this factor weighs in favor of good cause.

7

Second, extending the deadline is important.  Plaintiff seeks to add claims directed at Glaser's liability as Hay's employer.  Under Texas law, which governs this diversity case, any cause of action that arises out of the same facts must be litigated in the same lawsuit.  Lockwood Corp. v. Black, 669 F.2d 324, 327 (5th Cir. 1982) (reminding that a federal court sitting in diversity must apply the substantive law of the forum state); Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav., 837 S.W.2d 627, 630 (Tex. 1992) (discussing res judicata under Texas law).  The new claims, although premised on a different theory of liability, arise out of the same transaction: Hay's employment and the collision between Hay and Plaintiff.  See Barr, 837 S.W.2d at 631 (evaluating whether events are of the same transaction by analyzing "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage").  If Plaintiff does not bring the new claims in this suit, it is very likely she will be barred from ever doing so.  Accordingly, the second factor weighs in favor of finding good cause.

Finally, permitting Plaintiff to amend her complaint would not significantly prejudice Defendants in a manner incurable by a continuance. Defendants contend that the amendments would require them to re-depose Plaintiff regarding her new allegations.  Additionally, they contend that, since the discovery

deadline has passed, they would be unable to propound additional discovery on the new claims. However, all of the information about a negligent entrustment or hiring, supervision, and retention claim would be held by Defendants; there is no information that Plaintiff could provide in a deposition or through document production that would materially affect the claim. Accordingly, the Court does not agree that the amendment would prejudice Defendants based on the need for additional discovery.

The Court does agree, however, that the amendment could prejudice Defendants, insofar as expert testimony may be required and the deadline to designate experts has passed, and insofar as the dispositive motions deadline has passed. However, this prejudice can be cured by continuing these deadlines. Accordingly, these factors do not weigh against a finding of good cause.

Because the good cause factors weigh in favor of Plaintiff, the Court finds that there is good cause to extend the pleading amendment deadline set forth in the scheduling order. Since none of the Rule 15(a) factors weigh against Plaintiff, the Court **GRANTS** Plaintiff's Motion for Leave to Amend (Dkt. # 17.) Accordingly, the Court **REFERS** the parties to the Magistrate Judge to reset the discovery deadlines consistent with this order.[2]

---

[2] To the extent that Plaintiffs possess some information to support the new claims that was not obtained from Defendants, discovery on that material is warranted.

II.     Motion to Strike

In their Second Motion to Strike, Defendants ask the Court to strike the designation and testimony of Provder pursuant to Federal Rule of Evidence 702. Defendants do not challenge Provder's qualifications as an expert, but instead argue that Provder's conclusions do not meet Rule 702's relevancy and reliability requirements. (Dkt. # 28 at 3.)

The Court **DENIES** the Motion **WITHOUT PREJUDICE**, on the ground that the record is insufficient to support Defendants' claims. However, consistent with colloquy with counsel at the hearing, Defendants are free to refile a motion requesting a Daubert hearing so that the Court can hear testimony on the relevancy and reliability of Provder's report.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Amend Complaint (Dkt. # 17), **DENIES AS MOOT** Defendants' Motion to Strike Expert Disclosure (Dkt. # 18), and **DENIES WITHOUT PREJUDICE** Defendants' Motion to Strike Edmond Provder (Dkt. # 19). The Court further **REFERS** the parties to the Magistrate Judge to reset the discovery deadlines consistent with this order.

**IT IS SO ORDERED.**

**DATED**: San Antonio, Texas, April 8, 2015.

_____
David Alan Ezra
Senior United States Distict Judge